UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| JIMMIE CRAIG DANIELS, | ) |
| Petitioner, | ) Civil No. 0: 13-181-HRW |
| v. | ) |
| MICHAEL SEPANEK, WARDEN, | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jimmie Craig Daniels is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Daniels has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Daniels's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On March 27, 2007, Daniels was indicted in the United States District Court for the District of South Carolina for possession of child pornography transported in interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 16, 2007, a jury found Daniels guilty of the charged offense, and on December 18, 2007, the trial court sentenced Daniels to a 108-month term of incarceration. *United States v. Daniels*, 4:07-CR-341 (D.S.C. 2007). The Fourth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Daniels*, 308 F. App'x 658 (4th Cir. 2009).

In his petition, Daniels indicates that he is asserting a "*Schaefer* claim" that "at my trial, there was no evidence that indicated where the websites were based, where the servers for those websites were located, or where my internet provider's server was housed." [D. E. No. 1, p. 3] Daniels contends that he is therefore "factually innocent due to the government's failure to establish jurisdictional nexus." *Id.* at 4. Daniels also asserts in a single sentence that his "charging document is erroneous due to the October 8, 2008, amendment." *Id.*

The Court declines to reach the merits of the claims in Daniels's petition because they are barred by 28 U.S.C. § 2244(a) and constitute an abuse of the writ.

Daniels presented this identical claim in a petition for a writ of habeas corpus he filed pursuant to § 2241 in this Court on March 27, 2012. This Court denied that claim as not cognizable under § 2241 on April 16, 2012, the Sixth Circuit Court of Appeals affirmed that decision on November 8, 2012,[1] and the Supreme Court denied his petition for a writ of *certiorari* on May 21, 2013. *Daniels v. Sepanek*, 0:12-cv-21-HRW (E.D. Ky. 2012).

Habeas proceedings are not strictly speaking subject to principles of claim and issue preclusion. *Woo Dong v. United States*, 265 U.S. 239, 241 (1924). But a losing habeas petitioner may not simply re-file his claims or present them to a different court in hopes of obtaining a better result. Congress has enacted a statutory prohibition against repeated presentment of successive petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Under this provision, where, as here, the claims asserted have previously been determined by another court in a prior habeas petition, the

---

[1] As the Sixth Circuit noted in its opinion, not only was the sole case relied upon by Daniels, *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), decided two years *before* his conviction became final in 2009, it was subsequently superseded by statute and overruled in *United States v. Kieffer*, 681 F.3d 1143 (10th Cir. 2012). Indeed, Daniels actually cited and relied upon *Schaefer* in his petition for a writ of *certiorari* to the Supreme Court in his direct appeal. *See United States v. Daniels*, 4:07-CR-341 (D.S.C. 2007) [D. E. No. 81, p. 2].

district court may summarily dismiss the petition. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served.")

In addition, a district court may apply the abuse of the writ doctrine to refuse to consider claims which could or should have been asserted in a prior habeas proceeding. *McClesky v. Zant*, 499 U.S. 467, 480-84 (1991); *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'"); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003). Here, Daniels's claim that the charge in the indictment was improperly amended on October 8, 2008,[2] is a claim that he could and should have brought in his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255; or in his prior petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having previously chosen to withhold

---

[2] Daniels makes no effort to explain the basis for his belief that the indictment was amended in October 2008. The docket in his criminal case is devoid of any entries during that month, which was also over a year after he was convicted and ten months after the criminal judgment was entered.

assertion of his present claims, including in a prior § 2241 petition before this Court, he may not do so now. As this Court has previously stated:

> Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.

*Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985)); *see also Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012).

Accordingly, **IT IS ORDERED** that:

1. Daniels's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court certifies that any appeal would not be taken in good faith.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **STRICKEN** from the docket.

This the 17th day of March, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge